UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                Case No. 21-cr-20184
                                          Hon. Matthew F. Leitman
                                          Mag. Kimberly G. Altman

(D-1)  MICHAEL FRALEY, JR.,

        Defendant.
_____

## DEFENDANT'S MOTION TO REVOKE THE DETENTION ORDER

      Defendant Michael Fraley, Jr., moves this Honorable Court for his release pending trial under 18 USC 3142, based on information not presented to the Magistrate who ordered Fraley detained. The defense also moves for a detention hearing.

Respectfully submitted,

                                                              Dated: May 5, 2021

*/s/Ray Edward Richards, II*
RAY EDWARD RICHARDS, II (P56972)
Richards & Associates, PLLC
Attorney for Defendant Fraley (D-1)
200 E Big Beaver Rd
Troy MI 48083-1208
(313) 694-8400 | Fax: (586) 296-5736
rayrichardsesq@gmail.com

## Certificate Regarding Concurrence

I certify and affirm, in compliance with E.D. Mich. LR 7.1(a)(2)(A), that I explained the nature of this motion and its legal basis and requested but did not obtain concurrence in the relief sought.

*/s/Ray Edward Richards, II*
RAY EDWARD RICHARDS, II (P56972)
Attorney for Defendant

# BRIEF IN SUPPORT OF
# DEFENDANT'S MOTION TO REVOKE THE DETENTION ORDER

## FACTS

Defendant Fraley is charged with distributing five grams or more of methamphetamine under 21 USC 841(a)(1) and (b)(1)(B)(viii).

Farley was arraigned on March 22, 2021. A detention hearing was held on March 23, 2021 before the Magistrate, and Fraley was ordered detained. (Order, ECF 23, PageID.39). At the hearing, the government alleged that Fraley was facing a sentence of 5–40 years for the instant offense. The FBI were conducting an investigation of a gang called the Spanish Cobras. The FBI used a confidential informant (CI) to conduct controlled buys of methamphetamine. Fraley allegedly sold 24 grams of meth to the CI.

When the FBI executed a search warrant for that particular residence, Fraley was not present but the Co-defendant Alexandria Dodge was. Fraley was later arrested at Dodge's residence. The FBI interviewed Fraley, who initially denied selling the meth, but later, after continued interrogation, Fraley involuntarily admitted that he sold meth to the CI.

Fraley has maintained his innocence and has recently retained new counsel to continue with the proceedings and present evidence and arguments to address the Magistrate's findings for detention.

## ARGUMENT

Subject to rebuttal by a defendant, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed … an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 USC §§ 801-904)." 18 USC 3142(e)(3)(E).

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community, a Court shall take into account the available information concerning

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required. [18 USC 3142(g).]

Fraley understands that the charge in the Indictment is a serious offense, but he has maintained his innocence and denies the allegations in the Indictment.

The Magistrate found that Fraley appeared to be a known member of a gang, the Spanish Cobras, but he denies the allegation—that is, membership in gangs is complex and affiliation, like mere presence, does not mean he is any kind of member.

The Magistrate found that Fraley did not have stable employment; however, he was employed at Gentleman Quality Home Improvement, LLC, and the owner of the company, Thomas Owens, will allow Fraley to return to work upon release.

Fraley does have a prior criminal history, but not a history of failing to appear, and he was on bond for a state drug charge during the instant offense.

The Magistrate found that Fraley had tampered with a tether while on state parole; however, what actually happened was that the battery in Fraley's tether ran low and Fraley turned himself in for the technical violation.

Fraley does have a history of addiction to controlled substances, and he is completely willing and eager to begin a treatment program.

There are conditions of release that would protect the community and ensure Fraley's return to court: tether, curfew, multiple and random contact with pretrial services, and a drug treatment program.

Upon release, Fraley would live with Amy Adams, who has indicated that she would be responsible for his custody and adherence to his bond conditions. He would be able to use a tether at that residence. His family ties are here in the Detroit metro area where he has lived his life.

WHEREFORE, Defendant Fraley moves this Honorable Court to revoke his detention order and grant his temporary release with conditions.

Respectfully submitted,

Dated: May 5, 2021

*/s/Ray Edward Richards, II*
RAY EDWARD RICHARDS, II (P56972)
Richards & Associates, PLLC
Attorney for Defendant Fraley (D-1)
200 E Big Beaver Rd
Troy MI 48083-1208
(313) 694-8400 | Fax: (586) 296-5736
rayrichardsesq@gmail.com

## CERTIFICATE OF SERVICE

I certify that on May 5, 2021, I electronically filed the above *Motion* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

*/s/<u>Ray Edward Richards, II</u>*
RAY EDWARD RICHARDS, II (P56972)
Attorney for Defendant