UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-cr-20184 |
| Plaintiff, | Hon. MATTHEW F. LEITMAN |
| v. | United States District Judge |
| D-1  MICHAEL FRALEY. Jr., | |
| Defendant | |

### United States' Supplemental Response to Defendant's Motion to Revoke Detention Order

The United States opposes defendant Michael Fraley's motion for pretrial release because he poses a danger to the community and has failed to rebut the presumption in favor of detention. Undeterred by dozens of custodial sentences, Fraley distributed about 25 grams of crystal methamphetamine during a controlled buy here. In doing so, he violated a bond condition in another drug-trafficking case and committed this offense one week after his discharge from parole in yet another case. Consistent with the rebuttable presumption of detention, the Pretrial Services recommendation, and the Magistrate's detention order, Fraley should be detained pending trial.

I.      **Procedural Background**

A grand jury indicted Fraley for distributing five grams or more of methamphetamine this past December. (ECF No. 1, PageID.1-3). On March 23, 2021, the magistrate held a detention hearing and ordered Fraley detained pending trial. (ECF No. 23, PageID.41). The Magistrate found that Fraley not only failed to rebut the presumption of detention, but also that no conditions could reasonably assure his appearance or protect the community. *Id*. The factors the Magistrate emphasized included Fraley's extensive criminal history, his recent discharge from parole, his commission of this offense while on bond in a state-court drug case, his earlier violation of parole involving tampering with a tether, his substance abuse, his gang membership, and his lack of stable employment. *Id*. Fraley sought review of his bond status and requested pretrial release. (ECF No. 36, PageID.78). The United States responded to Fraley's motion. (ECF No. 40, PageID.90-128.) After the Court held a hearing, Fraley supplemented his request for release. (ECF No. 48, PageID.143-149.) The United States relies on its original response (ECF No. 40) and this supplemental brief.

II.     **Analysis**

   A.    **Fraley's History and Characteristics.**

Fraley's criminal history is far worse than previously described. The United States' original response relied on the pretrial services report for Fraley's criminal

history. (ECF No. 40, PageID.94-95.) To summarize that history, the United states included the following table:

| Year of Conviction | Charges | Disposition |
|---|---|---|
| 2003 | 1. Simple Assault<br>2. Injury to Real Property | Guilty of Count 2; Count 1 was dismissed. 30 days jail with 1 year of probation. |
| 2003 | 1. Drunk Driving<br>2. Operating without license | Guilty of both counts; 1 year probation. |
| 2003 | 1. Aggravated Domestic Violence<br>2. Resisting a police officer | Guilty of both counts; 3 years' probation. |
| 2007 | 1. Retail Fraud – 3rd | Guilty; fine. |
| 2007 | 1. Retail Fraud – 2nd | Guilty; 34 days jail. |
| 2008 | 1. Retail Fraud – 2nd | Guilty; 150 days jail. |
| 2008 | 1. Felony larceny from a motor vehicle | Guilty; 1 year in prison. |
| 2008 | 1. Receiving & Concealing a motor vehicle;<br>2. Larceny from a person | Guilty of both counts; 18 to 120 months in prison. |
| 2009 | 1. Felony Retail Fraud – 1st | Guilty; 15 to 90 months in prison. **Discharged from parole on Nov. 23, 2020.** |
| 2012 | 1. Retail Fraud – 3rd | Guilty; 90 days jail. |
| 2016 | 1. Check – insufficient funds $100 - $500 | Guilty; 335 days in jail. |
| 2017 | 1. Tampering with Electronic Monitoring Device | Guilty; 18 to 36 months in prison. **Discharged from parole on Nov. 23, 2020.** |
| 2019 | 1. Resisting a police officer | Guilty; 11 months in jail. |

3

Since then, the United States received a state presentence report for his most recent conviction for tampering with an electronic monitoring device. (Ex. 1: PSR) (filed under seal). It reveals a much more extensive criminal history. From a broad perspective, Fraley "has amassed 9 felony and 35 prior misdemeanor convictions. He has served 27 county jail terms, four terms with the Michigan Department of Corrections and failed at community supervision both on probation and parole." (*Id*. at 1). His state presentence report identifies *five convictions for assault and battery* that were not included in the pretrial services report. (*Id*. at 6-7, 9-10). In one case he struck his ex-girlfriend "in the back of the head, causing injury." (*Id*. at 9). The state presentence report also shows assaultive conduct as a juvenile, and numerous violations of probation or parole. (*Id*. at 5-9, 22). And the problems for Fraley do not end there.

As for the tampering offense itself, Fraley was paroled on September 19, 2018. (*Id*. at 3). Two weeks later, he tested positive for using cocaine and methamphetamine. (*Id*.). He then failed to report to the probation office as scheduled on October 9, 2018. (*Id*.). He simultaneously failed to charge the battery on this tether and absconded. (*Id*.). He was in the wind for over two weeks before the state police arrested him. (*Id*.). His encore performance to these violations was to abscond yet again—after he was dropped off at the parole office on December 3, 2018. (*Id*.). A few weeks later, on Christmas, he ran from the police during a traffic

4

stop and "was apprehended several houses away after being held down by several neighborhood residents." (*Id*.).

As if all this were not overwhelming enough, he was on parole for committing this same offense—tampering with an electronic monitoring device—two years earlier. (Ex. 1: PSR, at 1). On December 8, 2016, he "cut his tether off[.]" and absconded. (ECF No. 40, PageID.102.) He did this after failing to charge his tether about three weeks earlier. (*Id*.). And this was not even the first time Fraley unlawfully removed his tether: On May 23, 2013, "Parolee Fraley cut his tether and absconded from supervision." (*Id*.). His unrelenting criminal activity shows that he is not deterred by the consequences that the criminal justice system metes out and there are no conditions that can *reasonably* assure public safety or his appearance.

### B. Fraley cannot be trusted to follow conditions of pretrial release.

Committing crimes while on parole expresses an unwillingness or inability to follow terms of supervision. This aspect of Fraley's character dooms his claim that he can be trusted to follow pretrial release conditions. Neither a tether nor a job mitigates the risk that Fraley will continue to commit crimes if released. Fraley posits that the "ultimate question becomes can the person presently before the court be trusted[.]" (ECF No. 48, PageID.146.) Fraley's "9 felony and 35 prior misdemeanor convictions"; his 27 county jail terms; his 4 prison terms; his

numerous violations of parole and probation; his recent, serial violations of a tether; his recent violation of bond conditions; and his serious methamphetamine addiction emphatically show that he cannot be trusted.

The opinion of a jail employee (ECF No. 48, PageID.147.) does not overcome the § 3142(g) factors that weigh in favor of detention. In support of his claim that he is now trustworthy, Fraley suggests that the "best answer" to the trust question "can only be answered by the persons [who have been monitoring him in jail]." (ECF No. 48, PageID.146.) This argument misfires in two directions. First, the Bail Reform Act does not direct the Court to give greater weight to the opinions of jail employees about a defendant's post-incarceration conduct. Rather, it requires the Court to consider the factors set forth in 18 U.S.C. § 3142(g), none of which specify post-incarceration conduct as a factor. Second, this suggested approach is non-sensical because it completely ignores a defendant's criminal history, prior performance under terms of supervision while in the community, the nature of his offense, and many other important considerations that courts routinely evaluate. Fraley's behavior while in the community, whether on probation or not, offers much more meaningful evidence to assess his "trustworthiness" than does his behavior while in jail, where he lacks the opportunity to commit certain crimes. For example, in jail he cannot assault his girlfriend, cut his tether off, steal from a store, drive drunk, distribute methamphetamine, etc. Even without opportunity,

Fraley has still managed to engage in misconduct while in custody. In 2017–2018, he incurred "11 misconducts while incarcerated (7 for destruction or misuse of property, 3 for interference with administration of rules and 1 for possession of dangerous contraband." (Ex. 1: PSR, at 22).

     Fraley is now 40 years old and his criminal convictions exceed that number. He has been committing crimes on a recurring basis for over 20 years now. His history and characteristics overwhelmingly show that his behavior will not be constrained by a job or anything else. If parole conditions, bond conditions, tethers, and over 30 custodial sentences have not deterred him from committing more crimes, then it is unreasonable to conclude that a job will magically do the trick now.

### III. Conclusion

Consistent with the rebuttable presumption of detention, the Pretrial Services recommendation of detention, the government's recommendation of detention, the Magistrate's order of detention, and considering the § 3142(g) factors, the Court should deny Fraley's motion to revoke the detention order.

                                        Respectfully submitted,

                                        SAIMA S. MOHSIN
                                        Acting United States Attorney

Dated: July 22, 2021                     s/BLAINE LONGSWORTH
                                        Assistant United States Attorney
                                        600 Church Street | Flint, MI 48502-1280
                                        Phone: (810) 766-5177
                                        Fax: (810) 766-5427
                                        blaine.longsworth@usdoj.gov
                                        P55984

## *CERTIFICATION OF SERVICE*

      I hereby certify that on, July 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

                                              s/Jessica Stanton
                                              United States Attorney's Office