UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff,

                    **HONORABLE SHALINA KUMAR**

  v.

                    **No. 21-20184**

**MICHAEL FRALEY, JR.,**

        Defendant.
_____/

**ARRAIGNMENT & PLEA HEARING**

**Tuesday, September 20, 2022**

Appearances:
| **On behalf of Plaintiff** | **On behalf of Defendant** |
|---|---|
| Blaine Longsworth | Henry Scharg |
| 600 S. Church St.-Ste 210 | 30445 Northwestern Hwy.,Ste 225 |
| Flint, MI 48502 | Farmington Hills, MI 48334 |
| 810-766-5031 | 248-596-1111 |
| Blaine.longsworth@usdoj.gov | hmsattyatlaw@aol.com |

- - -

*To obtain a certified transcript, contact:*
*Andrea E. Wabeke*
*Federal Official Court Reporter • Certified Realtime Reporter*
*810.341.7849 · wabeke@transcriptorders.com*
*Transcript produced using machine shorthand and CAT software.*

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

# I N D E X

- - -

                                                                            **Page**

Arraignment............................................  3

Plea Hearing..........................................  7

Relevant Terms of the Agreement by Mr. Longsworth.....  14

Factual Basis by Mr. Scharg...........................  18

*USA v. Fraley, Jr., Case No. 21-20184*

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

*Page 3*

1  Flint, Michigan
2  Tuesday, September 20, 2022
3  2:55 p.m.
4              - - -
5  **CASE MANAGER:** The United States District Court for
6  the Eastern District of Michigan is now in session, the
7  Honorable Shalina Kumar, United States District Judge,
8  presiding.
9  Please be seated.
10 The Court will now hear criminal case number
11 21-CR-20184-1, the United States of America versus Michael
12 Fraley, Jr.
13 Would counsel please place your appearances on the
14 record, beginning with the Government.
15 **MR. LONGSWORTH:** Good afternoon, your Honor. Blaine
16 Longsworth, appearing on behalf of the United States.
17 **MR. SCHARG:** Good afternoon, your Honor. Henry
18 Scharg appearing on behalf of Mr. Fraley.
19 **THE COURT:** Good afternoon. We need to start with an
20 arraignment on the information, correct?
21 **MR. SCHARG:** That's correct.
22 **THE COURT:** Please swear the Defendant.
23 **CASE MANAGER:** Raise your right hand, please.
24 Do you solemnly swear or affirm that the testimony
25 you're about to give in this matter is the truth, the whole

*USA v. Fraley, Jr., Case No. 21-20184*

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

*Page 4*

1  truth, and nothing but the truth, so help you God?
2      **THE DEFENDANT:** Yes, I do.
3      **THE COURT:** Thank you. You can sit down if you want.
4      **THE DEFENDANT:** Thank you.
5      **THE COURT:** Sir, can you please state your full name.
6      **THE DEFENDANT:** Michael Fraley, Jr.
7      **THE COURT:** Mr. Fraley, you're here today because the
8  U.S. Attorney sitting in this district has filed an information
9  charging you with Count 1, possession with intent to distribute
10 five or more grams of methamphetamine. Do you understand that?
11     **THE DEFENDANT:** I do.
12     **THE COURT:** That's in violation of 21 U.S.C. Section
13 841(a)(1), 841(b)(1)(B)(viii).
14     And you received a copy of that information?
15     **THE DEFENDANT:** I did, your Honor.
16     **THE COURT:** And you have the right to have the United
17 States Attorney present this matter to a grand jury and seek a
18 return of an indictment.
19     Mr. Scharg, I do have a copy of the waiver of that
20 indictment. Will you please place on the record what you did
21 as relates to your client receiving this and signing this
22 document?
23     **MR. SCHARG:** Yes, your Honor. I met with my client a
24 number of times. We met this afternoon in the marshal's lockup
25 area. I presented Mr. Fraley with a copy of the information

*USA v. Fraley, Jr., Case No. 21-20184*

**1** and explained to him, as you said, his rights to proceed by
**2** indictment or waive indictment and proceed by information, and
**3** he signed a form where he agreed to waive indictment and
**4** proceed by information on this one-count information, and we
**5** also went over the acknowledgment of the information,
**6** indicating that the mandatory minimum -- there's a mandatory
**7** minimum sentence of 5 years and a maximum of 40 years. He
**8** acknowledged that form and signed it, along with myself.
**9**     **THE COURT:** Thank you. All right. And I'm going to
**10** find Mr. Fraley has knowingly and competently waived his right
**11** to an indictment.
**12**     Mr. Fraley, the purpose of the hearing today, the
**13** first thing is to advise you of the substance of the charge
**14** contained in the information, the potential penalties the
**15** charge carries, and advise you of some of your constitutional
**16** rights, and, as your counsel has just stated, Count 1,
**17** possession with intent to distribute five kilograms of
**18** methamphetamine, carries a maximum penalty of 40 years, minimum
**19** of 5 years, followed by a term of supervised release of at
**20** least 4 years, and a fine of not more than $5 million.
**21**     Do you understand that?
**22**     **THE DEFENDANT:** I do, your Honor.
**23**     **THE COURT:** Okay. And you have a right to make a
**24** statement, not to make a statement. Any statement that you do
**25** make may be used against you, and do you understand your right

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

*Page 6*

1 to your silence?

2     **THE DEFENDANT:** I do, your Honor.

3     **THE COURT:** Okay. You also have a constitutional

4 right to be represented by an attorney. You do have a

5 court-appointed attorney today, Mr. Scharg.

6     **THE DEFENDANT:** Yes, I do.

7     **THE COURT:** And you don't wish to retain your own

8 counsel?

9     **THE DEFENDANT:** No, ma'am.

10     **THE COURT:** You want to remain with Mr. Scharg

11 representing you?

12     **THE DEFENDANT:** Yes, ma'am.

13     **THE COURT:** Okay. You understand that, at any point,

14 you have a right to retain your own counsel if you wish. It's

15 been determined that you cannot afford an attorney of your own,

16 and that's how Mr. Scharg has been appointed. He's a wonderful

17 attorney and I'm sure you will work well with him, but if, at

18 any point, you have the funds and decide you want to retain

19 your own counsel, just let me know, okay?

20     **THE DEFENDANT:** Yes, ma'am.

21     **THE COURT:** And turning to the information, as stated

22 already, the charge in Count 1 of the information is possession

23 with intent to distribute five or more grams of methamphetamine

24 in violation of 18 United States Section 841(a)(1) and

25 841(b)(1)(B)(viii), and regarding the penalties, I do have your

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

*Page 7*

1  acknowledgment of that information and here's your signature as
2  well as that of Mr. Scharg's.
3       Mr. Scharg, are you prepared to enter a plea on
4  behalf of your client at this point as to the information
5  before we move forward?
6       **MR. SCHARG:** Yes, your Honor. For purposes of the
7  arraignment, we will waive formal reading of the information,
8  stand mute and ask the Court to enter a plea of not guilty.
9       **THE COURT:** Okay. A plea of not guilty on the charge
10 in the information will be entered, and the record will reflect
11 the Defendant has been arraigned on the information.
12      And then, Mr. Scharg, are we moving to do something
13 else today?
14      **MR. SCHARG:** Pardon me?
15      **THE COURT:** Are we going to change the plea today?
16      **MR. SCHARG:** Yes, your Honor. That was a formality.
17      At this juncture, we have signed and executed a
18 Rule 11 Plea Agreement and ask the Court proceed with a change
19 of plea hearing in this matter.
20      **THE COURT:** Okay. So, Mr. Fraley, you understand at
21 this point, your attorney has stated that you will be changing
22 your plea to that of guilty of Count 1 of the information; is
23 that correct?
24      **THE DEFENDANT:** Yes, ma'am.
25      **THE COURT:** Okay. I did receive the Rule~11 Plea

*USA v. Fraley, Jr., Case No. 21-20184*

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

*Page 8*

1  Agreement that is signed by you, Mr. Fraley, and we're going to
2  go over that in a few minutes.
3         So did you have an opportunity to review that plea
4  agreement and to counsel with your attorney?
5         **THE DEFENDANT:** Yes, ma'am.
6         **THE COURT:** And do you understand that agreement?
7         **THE DEFENDANT:** I do.
8         **THE COURT:** All right. Mr. Scharg, are you satisfied
9  that the Defendant understands the agreement?
10        **MR. SCHARG:** Yes, your Honor.
11        **THE COURT:** And has -- I'm sorry.
12        **MR. SCHARG:** I will say that I met with Mr. Fraley
13 Friday at the Clare County Jail in Harrison, Michigan. We went
14 over the plea agreement at that time, and there was several
15 minor changes to that agreement, and, earlier today, I met with
16 Mr. Fraley in the lockup area and went over the documents with
17 him, including the plea, the Rule~11 Plea Agreement.
18        **THE COURT:** Okay.
19        **MR. SCHARG:** He indicated to me that he wished to
20 sign that agreement and proceed with a change of plea.
21        **THE COURT:** Okay. And that agreement is the basis on
22 which he intends to plead guilty here today?
23        **MR. SCHARG:** Yes, your Honor.
24        **THE COURT:** Okay. Mr. Fraley, I'm going to explain
25 briefly what's going to happen at today's hearing. We're

*USA v. Fraley, Jr., Case No. 21-20184*

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

*Page 9*

**1** having this hearing so I can decide whether to accept your
**2** guilty plea on that charge.  I'm going to you ask you some
**3** background questions at first -- sorry, this is very loud, I'm
**4** new to this courtroom.  I was in a different courtroom before
**5** and I'm getting used to things.
**6**           Okay.  I'm going to start asking you some background
**7** questions first, okay, Mr. Fraley?
**8**           **THE DEFENDANT:**  Okay.
**9**           **THE COURT:**  You've already placed under oath, and so
**10** any answers you give may later be used against you in a
**11** prosecution for perjury or giving a false statement if anything
**12** you say to me is not true and accurate; do you understand that?
**13**           **THE DEFENDANT:**  I do, your Honor.
**14**           **THE COURT:**  Okay.  So let's start what's your full
**15** name?
**16**           **THE DEFENDANT:**  Michael Fraley, Jr.
**17**           **THE COURT:**  Where were you born, sir?
**18**           **THE DEFENDANT:**  Flint, Michigan.
**19**           **THE COURT:**  Are you a United States citizen?
**20**           **THE DEFENDANT:**  I am.
**21**           **THE COURT:**  How old are you?
**22**           **THE DEFENDANT:**  Forty-one.
**23**           **THE COURT:**  And how much school did you complete?
**24**           **THE DEFENDANT:**  Eighth grade.
**25**           **THE COURT:**  Okay.  Did you do anything further, get

*USA v. Fraley, Jr., Case No. 21-20184*

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

*Page 10*

1 your GED or do any other schooling?

2 **THE DEFENDANT:** I'm working on that right now. I
3 passed two parts. I need math and science. So I'm on the way.

4 **THE COURT:** Okay. Very good. Do you read, write,
5 and understand the English language?

6 **THE DEFENDANT:** Yeah, I do.

7 **THE COURT:** Have you been treated for any mental
8 illness or addiction to narcotic drugs of any kind?

9 **THE DEFENDANT:** No. No, I have not.

10 **THE COURT:** Okay. Are you currently under the
11 influence of any drug, medication, or alcoholic beverage of any
12 kind?

13 **THE DEFENDANT:** No, your Honor.

14 **THE COURT:** In the last three days, have you taken
15 any drug, medication or alcohol that might now affect your
16 ability to understand what people are saying?

17 **THE DEFENDANT:** No.

18 **THE COURT:** Or interfere with your judgment or
19 ability to make decisions?

20 **THE DEFENDANT:** No.

21 **THE COURT:** And do you have any mental condition or
22 disability that would prevent you from fully understanding the
23 charges against you or the consequences of pleading guilty?

24 **THE DEFENDANT:** No.

25 **THE COURT:** Is there any reason we should not go

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

*Page 11*

1  forward today?
2      **THE DEFENDANT:** I don't see why there's not.
3      **THE COURT:** Okay. Mr. Scharg, you talked to your
4  client about these proceedings?
5      **MR. SCHARG:** Yes, your Honor.
6      **THE COURT:** Do you have any reason to believe he
7  should not go forward with this plea today?
8      **MR. SCHARG:** No, your Honor.
9      **THE COURT:** Do you believe the Defendant is in
10 possession of his faculties and competent to proceed?
11     **MR. SCHARG:** Yes, your Honor.
12     **THE COURT:** Mr. Longsworth, do you have any reason to
13 believe the Defendant is not competent to proceed?
14     **MR. LONGSWORTH:** No reason, your Honor.
15     **THE COURT:** All right. Thank you. Based on the
16 statements of the Defendant and both counsel, as well as my own
17 observations, I find the Defendant is in full possession of his
18 faculties and is competent to proceed.
19     Mr. Fraley, have you received a copy of the
20 information that includes the charge made against you?
21     **THE DEFENDANT:** I have, your Honor.
22     **THE COURT:** Have you fully discussed that charge with
23 your attorney?
24     **THE DEFENDANT:** Yes.
25     **THE COURT:** Are you fully satisfied with his counsel,

*USA v. Fraley, Jr., Case No. 21-20184*

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

*Page 12*

1  representation, and advice given to you in this case?
2      **THE DEFENDANT:**  Yes.
3      **THE COURT:**  Has anyone made any promise or assurances
4  to persuade you to plead guilty?
5      **THE DEFENDANT:**  No.
6      **THE COURT:**  Has anyone forced or threatened you in
7  any way to persuade you to plead guilty?
8      **THE DEFENDANT:**  No, your Honor.
9      **THE COURT:**  Mr. Scharg, were all formal plea offers
10 by the Government conveyed to the Defendant?
11     **MR. SCHARG:**  Pardon me, your Honor?
12     **THE COURT:**  Were all formal plea offers --
13     **MR. SCHARG:**  Yes.
14     **THE COURT:**  And Mr. Fraley, are you pleading guilty
15 of your own free will because you're guilty of the crime you
16 are accused of committing?
17     **THE DEFENDANT:**  Yes, your Honor.
18     **THE COURT:**  And are the answers you are giving today
19 not merely answers you were told to give by your attorney but
20 are your own answers?
21     **THE DEFENDANT:**  The truth, yes, your Honor.
22     **THE COURT:**  Do you understand if I accept your guilty
23 plea, you will have been convicted of a felony just as if were
24 you tried by a jury and convicted?
25     **THE DEFENDANT:**  Yes.

*USA v. Fraley, Jr., Case No. 21-20184*

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

Page 13

1    **THE COURT:** And do you understand if I accept your
2 guilty plea, you'll be deprived of certain valuable civil
3 rights, which is the right to vote, the right to hold public
4 office, the right to serve on a jury, and the right to possess
5 firearms?
6    **THE DEFENDANT:** Yes, your Honor.
7    **THE COURT:** And do you understand if I accept your
8 guilty plea, you'll be waiving certain other rights, including
9 the right to plead not guilty to any offense charged against
10 you and persist in that plea, the right to a trial by jury, the
11 right to be presumed innocent until proven otherwise, the right
12 to have the Government prove guilt beyond a reasonable doubt,
13 the right to be represented by counsel, and, if necessary, have
14 the Court appoint counsel for you at trial and every other
15 stage of this proceeding, the right at trial to have witnesses
16 appear against you and have them cross examined, the right to
17 have the Court order any defense witnesses to appear during the
18 trial, the right to testify and present evidence at your trial
19 or to decline to testify if you so choose, the right not to
20 have your silence used against you.
21    Do you understand all of those rights?
22    **THE DEFENDANT:** Yes, I do, your Honor.
23    **THE COURT:** Do you wish to waive those rights at this
24 time?
25    **THE DEFENDANT:** Yes.

*USA v. Fraley, Jr., Case No. 21-20184*

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

*Page 14*

**1**     **THE COURT:** All right. I understand that you said that you were a United States citizen, but just to inform you if you are not a United States citizen, this plea could subject you to deportation.

**5**     **THE DEFENDANT:** Correct.

**6**     **THE COURT:** Mr. Longsworth, could you please go over the Rule~11 Agreement?

**8**     **MR. LONGSWORTH:** Yes, your Honor.

    The Defendant will plead guilty to Count 1 of the information, which charges him with possessing with intent to distribute five grames or more of methamphetamine under 21 United States Code Sections 841(a) and 841(b)(1)(B)(viii).

    The penalties are set forth in the Rule~11 Agreement are the same as the Court articulated earlier in this hearing. If the Court accepts this agreement and imposes a sentence consistent with its terms, the United States Attorney's office will move to dismiss any remaining charges in the first superseding indictment. Those are, specifically, Counts 1 and 3 of the first superseding indictment.

    With respect to the elements of the offense, there are two: First, that the Defendant possessed with intent to distribute five grams or more of actual methamphetamine, a Schedule~II controlled substance; and, second, that the Defendant did so knowingly or intentionally.

    The Defendant agrees to the factual basis as true and

*USA v. Fraley, Jr., Case No. 21-20184*

**1** correct and provides a valid basis for the Court to accept his
**2** guilty plea.
**3**     With respect to the guidelines, your Honor, the
**4** Government is recommending a three-level reduction for
**5** acceptance of responsibility.
**6**     In addition, there are two other recommendations.
**7** One is that Defendant was on parole at the time of the offense,
**8** and, two, that the Defendant's criminal history category is
**9** level or category VI.
**10**     With respect to the Defendant's sentence, the
**11** Government is recommending that the sentence of imprisonment
**12** not exceed the top of the Defendant's guideline range as
**13** determined by the Court.  The Defendant understands that he has
**14** no right to withdraw from this agreement or withdraw his guilty
**15** plea if the Court decides not to follow the Government's
**16** recommendation.
**17**     There is a recommendation of four years of -- a
**18** four-year-term of supervised release to follow any term of
**19** incarceration and, again, he has no right to withdraw from this
**20** plea agreement or to withdraw his guilty plea if the Court
**21** decides not to follow the Government's recommendation.
**22**     There is an appeal waiver where the Defendant waives
**23** any right he may have to appeal his conviction on any grounds,
**24** and if his sentence of imprisonment does not exceed the top of
**25** the guideline range as determined by Court, he also waives any

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

*Page 16*

1  right he may have to appeal his sentence on any grounds.
2  　　　　Finally, there's a collateral review waiver where he
3  retains the right to raise claims alleging ineffective
4  assistance of counsel or prosecutorial misconduct as long as he
5  properly raises those claims under 28 United States Code
6  Section 2255, but he also waives any other right he may have to
7  challenge his conviction or sentence by collateral review,
8  including, but not limited to the right he may have to
9  challenge his conviction and sentence on any grounds under 28
10 United States Code Section 2255.
11 　　　　Those are the material provisions of the agreement.
12 　　　　**THE COURT:**  Thank you.  Mr. Scharg, is that all
13 accurate?
14 　　　　**MR. SCHARG:**  Yes, your Honor.
15 　　　　**THE COURT:**  Okay.  Mr. Fraley, you understand the
16 possible consequences of your plea that were just listed?
17 　　　　**THE DEFENDANT:**  I do, your Honor.
18 　　　　**THE COURT:**  Sir, are you currently on probation or
19 parole for any other offense?
20 　　　　**THE DEFENDANT:**  No, your Honor.
21 　　　　**THE COURT:**  In terms of what your sentence will be,
22 it will be determined by applying the factors in the federal
23 sentencing statute, 18 U.S.C. 3553(a).  Those factors include
24 the nature and circumstances of the offense, promoting respect
25 for the law, protecting the public, the history and

*USA v. Fraley, Jr., Case No. 21-20184*

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

*Page 17*

**1** characteristics of the Defendant, and the range of available
**2** sentences.  Another relevant factor is the sentencing range
**3** pursuant to the United States Sentencing Commission Guidelines.
**4**          Mr. Fraley, have you and your attorney talked about
**5** how the United States Sentencing Guidelines might apply to your
**6** case?
**7**          **THE DEFENDANT:**  We have.
**8**          **THE COURT:**  And do you understand that those
**9** guidelines are advisory only?
**10**         **THE DEFENDANT:**  Yes, yep.
**11**         **THE COURT:**  And I will consider all the information
**12** in the presentence report, including the guideline calculation
**13** and your background.  Judges may often give defendants a
**14** sentence that is within the range calculated by the federal
**15** sentencing guidelines, however, the judge does not have to
**16** follow the guideline range sentence.  I can legally impose a
**17** sentence that is either above or below the guideline
**18** recommended sentence range, but I cannot sentence you to any
**19** term that is higher than the statutory maximum, which, again,
**20** there's a minimum of 5 years and a maximum of 40 years for this
**21** count, and the Court will make a final determination what your
**22** sentence will be.
**23**         **THE DEFENDANT:**  Okay.
**24**         **THE COURT:**  Do you understand that if you are
**25** sentenced to prison, you will not be released on parole?

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

Page 18

**1**     **THE DEFENDANT:** Okay.

**2**     **THE COURT:** Okay. Having gone over your rights and
**3** the charge and the elements the Government would have to prove,
**4** how do you plead to the charge of possession with intent to
**5** distribute five or more grams of methamphetamine?

**6**     **THE DEFENDANT:** I plead guilty, your Honor.

**7**     **THE COURT:** Okay. Mr. Scharg, could you please
**8** question as to the factual basis.

**9**     **MR. SCHARG:** Yes. Thank you, your Honor.
**10**    Mr. Fraley, on or about March 24th, 2020 in the
**11** Eastern District of Michigan, Flint -- city of Flint, Genesee
**12** County, did you knowingly possess about 12 grams of
**13** methamphetamine with the intent to distribute or give it to
**14** others?

**15**    **THE DEFENDANT:** I did, your Honor -- I did.

**16**    **MR. SCHARG:** I believe that satisfies the elements.

**17**    **THE COURT:** Thank you. Mr. Longsworth?

**18**    **MR. LONGSWORTH:** I'm satisfied, your Honor.

**19**    **THE COURT:** All right. Counsel, has the Court
**20** complied with the requirements of Rule 11 of the Federal Rules
**21** of Criminal Procedure?

**22**    **MR. LONGSWORTH:** Yes, your Honor.

**23**    **MR. SCHARG:** Yes, your Honor.

**24**    **THE COURT:** All right. The Court is satisfied with
**25** the Defendant's responses as given. Therefore, it is the

*USA v. Fraley, Jr., Case No. 21-20184*

*Arraignment & Plea Hearing*
*Tuesday, September 20, 2022*

*Page 19*

1  finding of the Court in the case of the United States versus
2  Michael Fraley, Jr., the Defendant is fully competent and
3  capable of entering an informed plea.  The Defendant is aware
4  of the nature and charges and the consequences of the plea.
5  The plea of guilty is knowing and voluntary, a knowing and
6  voluntary plea supported by an independent basis of fact
7  containing each of the essential elements of that offense.
8          The plea is, therefore, accepted, and the Defendant
9  is now adjudged guilty of that offense.
10         I will take the Rule~11 Agreement under advisement.
11         This case is referred to the probation department for
12 a presentence report and the Defendant is asked to cooperate
13 with the probation department consistent with counsel's advice.
14 The parties will have an opportunity to object to any
15 inaccuracies or disagreements that they have to the presentence
16 report, and sentencing in this case is set for January 26, 2023
17 at 11:00 a.m.  Mr. Fraley must appear for sentencing on that
18 date.
19         Anything else for the record, counsel?
20         **MR. LONGSWORTH:**  Nothing further, your Honor.
21         **MR. SCHARG:**  No, your Honor.
22         **THE COURT:**  Okay.  Thank you.
23         **CASE MANAGER:**  All rise.  Court is adjourned.
24              (Proceedings concluded 3:13 p.m.)
25                              - - -

*USA v. Fraley, Jr., Case No. 21-20184*

**C E R T I F I C A T I O N**

I, Andrea E. Wabeke, official court reporter for the United States District Court, Eastern District of Michigan, Southern Division, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a correct transcript of the proceedings in the above-entitled cause on the date hereinbefore set forth. I do further certify that the foregoing transcript has been prepared by me or under my direction.

| /s/Andrea E. Wabeke | February 21, 2023 |
|---|---|
| Official Court Reporter<br>RMR, CRR, CSR | Date |

- - -