**UNITED STATES DISCTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

          **Plaintiff**

vs                          Case No. 21-20184-001
                               Hon. Shalina D. Kumar

**MICHAEL FRALEY, JR.,**

          **Defendant**

### FRALEY'S SENTENCE MEMORANDUM FOR GUIDELINE DEPARTURE AND/OR VARIANCE

Defendant MICHAEL FRALEY, JR., through counsel, Sanford Plotkin, pursuant to 18 U.S.C. 3553(a), for; (1) current rehabilitation and recovery from severe drug addiction, (2) current family circumstances; (3) medical/addiction issues per U.S.S.G. 5H1.4 and (4) relevant conduct per U.S.S.G.1B1.3, seeks a significant variance and or departure below the guideline range.

### 1.  The Information & Mr. Fraley's Relevant Conduct

Mr. Fraley was originally charged in Genesee County Circuit Court and where a judge rejected a plea offer to 2 years probation.  In response, Fraley was preparing to enter a plea to one year custody in the county jail when the federal government stepped in.

1

After the matter was referred to federal authorities, he was charged in a one count Indictment alleging distribution of methamphetamine on December 1, 2020. This incident occurred at Co-Defendant Alexandria Dodge's home on Remington Ave. in Flint. Fraley pled not guilty to that offense.

Following a review of discovery, video tape and witness interviews, the Government dismissed the December 1, 2020, incident based upon Mr. Fraley's insistence that he had no participation or involvement in that incident. The Government agreed to dismiss and file the instant Information to which Mr. Fraley pled guilty on March 24, 2020.

U.S.S.G. 1B1.3(a)(1)(A) provides a defendant is responsible for "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" and in sub (B) certain "jointly undertaken activity." *See United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) (remanded for determination of drug quantities within the scope of defendant's participation and agreement).

In this case, the video of the December 1 distribution shows no involvement or participation by Fraley but **at most** his "mere presence" in the home at that time. Thus, Counsel objected to inclusion of the Remington incident as relevant conduct stating Fraley "did not participate in that

transaction" (PSIR, p. A-1, Objection 1). Counsel respectfully requests the Court grant this objection and amend the guideline accordingly.

**2. Nature & Circumstances of the Offense, 18 U.S.C. 3553(a)(1)**

On March 24, 2020, upon execution of a search warrant at Ohio Ave., Flint, Fraley was observed disposing of a baggie containing 15.1 gross grams of methamphetamine. Agents also recovered over $1,500 in currency, packaging material and other indications of distribution. A forensic review revealed the substance contained 12.4 grams of methamphetamine.

A second search on Stewart Ave. in Flint uncovered similar indicia of distribution by Fraley. PSIR, para 13, 17. Mr. Fraley pled guilty to the March 24 distribution pursuant to a Rule 11 Plea Agreement[1] and has accepted responsibility for his offense. *Id*. at paras 9-10.

**3. History & Characteristics of Mr. Fraley per 18 U.S.C. 3553(a)(1)**

Mr. Fraley presents himself as recovering from a life-long addict of cocaine, crack cocaine and methamphetamine. Per the PSIR, both Fraley's parents were drug addicts, abusers and were incarcerated. *Id*. at para. 67. The concern is Fraley was born drug addicted, with a propensity or

---

[1] The Rule 11 Plea Agreement, ECF #91, at paragraph 5, provides a "Factual Basis" relative to the events of March 24, 2020 and at paragraph 9C "Other Guideline Recommendations" none of which contain relevant conduct provisions, notice nor recommendations.

3

predisposition to drug use and dependence as he began using drugs at an unusually early age.

U.S.S.G. 5H1.4 provides "[d]rug or alcohol dependence or abuse **ordinarily** is not a reason for a downward departure. However, "**[i]n certain cases a downward departure may be appropriate** to accomplish a specific treatment purpose." (Emphasis added). Section 5H1.4 contemplates "probation" may be appropriate for "a substance abuser" where probation "contains a requirement that the defendant participate in…[a] substance abuse program."

Counsel has rarely used or advocated the application of this section, but in the instant case, it is appropriate. MDOC records confirm Mr. Fraley began using cocaine in 5th grade at ages 11 or 12. By age 14, Fraley was smoking "crack" cocaine (Exhibit "A" Mr. Fraley letter) and by age 16 he was addicted. The PSIR, MDOC records, drug screens and other available data confirm Mr. Fraley suffers from "severe substance abuse disorder." *See* PSIR, at paras 83-88. However, MDOC records do not show Fraley receiving the intensive drug treatment necessary to defeat his addiction.

Mr. Fraley, now 42 years old, has been in custody for years and, having been removed from drug distribution, he has focused intensely on his recovery and rehabilitation (Ex. "A" letter). Further, he is focused on his

4

family, particularly daughter Candance. It is noteworthy that in 2016, Fraley successfully "rehabilitated" and removed himself from "gang" affiliations. As a result, he was severely beaten within an inch of his life. Mr. Fraley was hospitalized but recovered.

Similarly, in this case, Mr. Fraley has been actively reflecting on a life lost to drugs and gang activity. He is older. He risked death to escape the gang culture he came to despise. Yet, he has never had a real opportunity to address his addiction in a constructive and professional setting. He passionately intends to continue his sobriety and rehabilitation while on supervised release. *Id.* Counsel, who has spent hours discussing these issues with him, can attest to Fraley's sincerity in conquering his addiction, and living out the remainder of his life with his family with whom he has tragically deprived himself of over his life.

Michael Fraley, Jr. lost his mother to an overdose. She died in front of him, as he tried in vain to save her with CPR and mouth to mouth resuscitation. His father died while he was in prison. He now has a grandson that he cherishes, and an aunt that desperately needs his round-the-clock help with her medical issues.

Further, Mr. Fraley has re-connected with family, particularly with daughter Cadence Fraley, age 18, who describes him as a "really good Dad."

5

(Exhibit "B", character letters). Ms. Fraley reveals a different side of her father not contained in criminal court records. Cadence reports she is struggling, alone and fending for herself and "I need him at a time like this." She states, "my dad was the only one willing to take time out of his day to make my life easier and to help me grow into the woman I am today." *Id.*

Likewise, Fraley's cousin Jessica Walsh writes that the family is planning on his help and assistance with his Aunt Bethany who is on oxygen for COPD and dialysis requires 24-hour assistance. (Exhibit "B" character letters). The family is making plans for Mr. Fraley to move in and live with his Aunt Bethany. *Id.*

In sum, Mr. Fraley is currently trying to rehabilitate from severe drug abuse and addiction, but he needs and desires help. Likewise, family members are suffering and require his presence and assistance. Times have changed and family members are older and ill. His parents died from years of drug abuse. The arrest and confinement in this matter was a serious "wake-up call" to Mr. Fraley and his family. However, he has matured and now requires continued Court/Probation Department supervision to continue his rehabilitation from severe addiction.

**4. Seriousness of the Offense, Promote Respect for Law & Just Punishment, 18 U.S.C. 3553(a)(2)(A)**

6

Mr. Fraley's possession with intent to distribute methamphetamine is a serious felony offense, yet it is clear he was distributing to support his own daily habit and addiction. In addition, Mr. Fraley is a non-violent drug offender and did not possess, keep or store any weapons or ammunition in his home for protection nor in any of the other affiliated homes in this matter. Since his arrest in 2020, for the past three years, Fraley is naturally weaned from drug use and the drug "lifestyle" and while in custody has focused on regularly attended drug counseling, treatment, and education. He wishes to continue the road to sobriety and to help other addicts similarly situated. Ex. "A" supra.

**5. Deterrence & Protection of the Public 18 U.S.C.(a)(2)(B)(C)**

As stated, Mr. Fraley's distribution offense results from long-standing and "severe" substance abuse issues. PSIR, *supra*. On a positive note, Fraley's current state of mind is so serious for rehab and life-change seems so genuine; counsel is a 37 year practitioner, and has heard many make this claim---Fraley sure seems genuine in his.  He wishes to care for his daughter, his aunt and his family and has demonstrated his serious and dedicated aims to rehabilitate and change his lifestyle. He has demonstrated he is a pleasant, thoughtful, respectful, and good-natured individual interested in continuing his recovery from drug addiction and helping other

7

addicts. As Ms. Fraley and Ms. Walsh request in their letters, he just needs to be given that chance, as he has never received adequate medical or intensive drug rehabilitation or treatment programs or such options. *Id.*

**6. The Need to Avoid Unwarranted Sentencing Disparities 18 U.S.C. 3553(a)(6)**

Under Sec. 3553(a)(6), Counsel respectfully seeks a sentence that will "avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct." Here, Co-Defendant Dodge, also an addict, received a significant variance from her guideline and Mr. Fraley seeks a similar or even a greater adjustment due to his unique and severe circumstances. As the government stated concerning Dodge, "In her words, Dodge was raised by a supportive, loving mother and a step-father, who worked as a police officer, that was strict…Unlike some defendants that grow up in abusive and neglectful environments, Dodge did not carry similar childhood experiences with her into adulthood." (Gov Sent Memorandum, ECF 94).

Quite a contrast to Fraley, who unfortunately did carry his abusive and neglectful upbringing into his adulthood. This Congressional factor should likewise weigh heavily in favor of a significant variance below the advisory guideline and a far lower sentence focusing on rehabilitation as is within the discretion of this Honorable Court.

8

WHEREFORE, Counsel for Defendant MICHAEL FRALEY, JR. pursuant to sec. 3553(a), U.S.S.G. 1B1.3 and 5H1.4, respectfully requests this Honorable Court grant a significant variance and/or departure from the guideline and impose a sentence that focuses on continued recovery and rehabilitation from severe addiction.

Respectfully submitted:

**s/Sanford Plotkin**
Sanford Plotkin (P38691)
Attorney for Defendant Fraley
30445 Northwestern Hwy, Suite 225
Farmington Hills, MI 48334
248-798-5756
sanfordplotkin@gmail.com

July 7, 2023

9